### HENRY WORTHINGTON v. FRANK E. SMITH, ET AL.

[On Second Appeal in 21 Ky. L. 834, 53 S. W. 1.]

**Construction of Will.**

> Where the will of a testator gives the executor no power to sell and convey real estate he has no such power, and where he sells under a power of attorney from some of the heirs no title will be conveyed except as to those of the heirs authorizing the sale.

**Distribution of an Estate.**

> An estate is liable first to creditors and then to the devisees to be distributed according to the will of the testator.

APPEAL FROM KENTON CHANCERY COURT.

September 25, 1884.

OPINION BY JUDGE PRYOR:

The only question necessary to be considered on this appeal arises from the construction given the power of attorney executed by the devisees of Casey to his executor. We see but little if any room to question the ruling of the court below on this branch of the case. The entire estate was involved, and on the debts or obligations to the banks there were indorsers and sureties who had to be protected, and, as it was evident that was a sale of some real estate would be required to pay the debts, it was necessary to renew the paper upon which the testator was bound. In order

to do this the power of attorney was executed empowering James Casey to renew the paper or take such other steps as he might see proper in regard to this indebtedness. There was no power to sell real estate, either given expressly or by implication, and therefore the conveyance to Worthington passed no title except as to those of the heirs consenting to or authorizing the sale. The executor had no power to sell by any provision of the will and certainly no power to pass the title of the devisees by reason of the letter of attorney.

The devises by the testator must regulate the manner in which the distribution is to be made after the payment of debts. Some of the children had received by reason of advancements more than the others, and to equalize all, or to make such a distribution as the testator desired, he expressly provided in his will how the division or distribution should be made. Whether the appellee is entitled to an interest in the realty in controversy and the extent of that interest will depend upon the amount of the indebtedness and the settlement that must be made between the heirs in order to arrive at each one's interest as provided by the testator. The appellee may be entitled to more than has been allotted her or she may be entitled to much less. After the payment of debts those of the devisees consenting to the sale should be bound by it, and if there is a sufficiency of the estate left for distribution when the settlement is made to pay or give to the appellee her interest under the will outside of the property in question then the appellant should not be disturbed by the appellee. The estate is liable first to creditors and then to the devisees to be distributed according to the will of the testator. The case should go to a commissioner and a settlement be had so that the distribution can be made, and then the rights of these parties can be readily determined. Some of the devisees may have already received more than their proportion of the estate, if so they will be entitled to nothing in the distribution.

The judgment is *reversed* on both the original and cross-appeals and remanded for proceedings consistent with this opinion, each party to pay his own costs.

*Hallam & Perkins, for appellant.*

*McKee & Finnell, for appellees.*